FILED
2011 Nov-28  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROBERT GLENN ABERNATHY, et al.,** ) ) ) **Plaintiffs,** ) ) v. ) ) **CHURCH OF GOD a/k/a CHURCH OF GOD, INC., et al.,** ) ) ) **Defendants.** ) | **Case No.: 4:11-CV-2761-VEH** |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

Plaintiffs initiated this loan-related lawsuit arising under state law on August 2, 2011.  (Doc. 1).  Plaintiffs are the lenders, and all are residents of Alabama.

Pending before the court is Defendants Sonia Dinall, Kevin Boyce, Paul Campbell, Arville Brown, and Herman Smith's (collectively, the "Individual Defendant Borrowers") Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. 20) (the "Individual Defendant Borrowers' Motion") filed on October 4, 2011.  Their supporting submission was filed on October 14, 2011.  (Doc. 27).

Also pending is Defendants Southern New England Region for the Church of God, Inc. and Jonathan Ramsey, Jr.'s (collectively, the "Defendant Guarantors")

Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) (Doc. 25) (the "Defendant Guarantors' Motion") filed on October 14, 2011. The Defendant Guarantors also filed their supporting submission (Doc. 26) on October 14, 2011.

Plaintiffs filed their combined opposition (Doc. 29) to both of these motions on October 28, 2011. On November 4, 2011, Defendants followed with their replies. (Doc. 30, 31). Accordingly, both motions are now under submission, and, for the reasons explained below, are **DENIED**.

**II.    Standard**

A Rule 12(b)(2) motion under the Federal Rules of Civil Procedure challenges a court's authority to exercise *in personam* jurisdiction over a defendant. The plaintiff bears the burden of establishing that personal jurisdiction over a defendant exists. *See LaSalle Bank N.A. v. Mobile Hotel Props., LLC*, 274 F. Supp. 2d 1293, 1296 (S.D. Ala. 2003) (referencing "the twin burdens of establishing that personal jurisdiction over the defendant" is appropriate).

In *Madara v. Hall*, 916 F.2d 1510 (11th Cir. 1990), the Eleventh Circuit described the framework for evaluating personal jurisdiction challenges under Rule 12(b)(2):

> When a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a *prima facie* case of personal jurisdiction over a nonresident

defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir.1988). A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. *Id.* The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *Id.* Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff. *Id.*

> The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990); *Alexander Proudfoot Co.*, 877 F.2d at 919. First, we consider the jurisdictional question under the state long-arm statute. *Cable/Home Communication Corp.*, 902 F.2d at 855; *Alexander Proudfoot Co.*, 877 F.2d at 919. If there is a basis for the assertion of personal jurisdiction under the state statute, we next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant.

*Madara*, 916 F.2d at 1514 (citations omitted).

Finally "[b]ecause Alabama's long-arm provision, Ala. R. Civ. P. 4.2(a), authorizes the assertion of personal jurisdiction to the limits of the United States Constitution, a plaintiff may carry both burdens by demonstrating that personal jurisdiction over the defendant meets the requirements of federal due process." *LaSalle Bank*, 274 F. Supp. 2d at 1296.

### III. Analysis

#### A. Personal Jurisdiction Generally

"Due process requires first that the defendant have 'certain minimum contacts' with the forum state and, second that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *LaSalle Bank*, 274 F. Supp. 2d at 1296; *see Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (same). A plaintiff can either establish general or specific jurisdiction over the Defendant to show personal jurisdiction exists. *See, e.g., Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (detailing contours of appropriate and inappropriate exercise of personal jurisdiction); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984) (acknowledging scholarly distinction made between exercise of "specific" and "general" jurisdiction).

"General personal jurisdiction . . . arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated." *Sherritt*, 216 F.3d at 1292. To establish general jurisdiction over a defendant, a plaintiff must demonstrate that the defendant's connection with the forum state is "continuous and systematic." *LaSalle Bank*, 274 F. Supp. 2d at 1297; *see also Sherritt*, 216 F.3d at 1292 ("The due process requirements for general personal jurisdiction are more stringent than for

specific personal jurisdiction . . . .").

"Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Sherritt*, 216 F.3d at 1291. To constitute minimum contacts for the purposes of specific jurisdiction:

> [A] defendant's contacts with the applicable forum must satisfy three criteria: first, the contacts must be related to the plaintiff's cause of action or have given rise to it; second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws; and third, the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum.

*LaSalle Bank*, 274 F. Supp. 2d at 1297; *see also Sherritt*, 216 F.3d at 1291 ("The requirement that there be minimum contacts is grounded in fairness.").

### B. The exercise of specific jurisdiction over the Individual Defendant Borrowers is proper.

The terms of the seven promissory notes which are attached to Plaintiffs' complaint all call for the repayment by the Individual Defendant Borrowers to Plaintiffs in Alabama. (Doc. 1 Exs. A-G). The promissory notes, with the exception of one (Doc. 1 at Ex. G), are all governed by Alabama law.

As a senior judge of this court has reasoned in denying a similar personal jurisdiction motion in a comparable case involving many of the same defendants and several of the same attorneys of record:

Case 4:11-cv-02761-VEH   Document 32   Filed 11/28/11   Page 6 of 9

> Among other facts, the said defendant owes the plaintiffs under the terms of a promissory note which provides for payments to be made to plaintiffs in Alabama. The note refers to the plaintiffs as Alabama residents and provides that Alabama law is to be applied with reference to the transaction. The moving defendant should have clearly understood that it might reasonably be sued in Alabama. Fair play and justice so allow. There is specific personal jurisdiction. The said motion is DENIED.

*Files v. Church of God*, No. 4:11-CV-1171-RBP, (Doc. 67 at 1) (N.D. Ala. Oct. 31, 2011) (footnote omitted).

The undersigned is persuaded to follow the *Files* decision. None of the cases cited by the Individual Defendant Borrowers (in which *in personam* jurisdiction was found to be lacking) involves a defendant's entering into <u>multiple</u> contracts to repay <u>eight</u> resident plaintiffs in Alabama for loans made in 2005 followed by additional ones secured in 2006. Both the promissory nature of the contracts and the extensive scope of the Alabama lenders involved in the financing arrangements satisfy the requirements of specific jurisdiction. Furthermore, the mere involvement of Defendants Wayne Pitts Real Estate & Finance, Inc. and Wayne Pitts as financial intermediaries and/or agents does not somehow insulate the Individual Defendant Borrowers' purposeful availment in the State of Alabama.

Similarly, the Individual Defendant Borrowers' activities in securing loans from several individual Alabama lenders means that they reasonably should have

6

anticipated that if the notes were not repaid as promised, then they would be sued in Alabama. Accordingly, the Individual Defendant Borrowers' Motion is **DENIED**.

### C. The exercise of specific jurisdiction over the Defendant Guarantors is also proper.

Plaintiffs have established specific personal jurisdiction over the Defendant Guarantors because, as underwriters of the allegedly defaulted promissory notes, whose terms call for the repayment by the co-defendant borrowers to Plaintiffs in Alabama (Doc. 1 Exs. A-G), these defendants also have contacts with this jurisdiction that significantly relate to the nature of the dispute pending before this court. "[W]hile several contacts are present in this case, a single act can be sufficient to satisfy the minimum contacts test, even an act that occurs outside the forum [if the act] . . . bear[s] a significant relationship to the cause of action." *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 851 n.10 (11th Cir. 1988).

Moreover, the nature and quality of these contacts with the forum state demonstrate purposeful availment in Alabama and are such that the Defendant Guarantors reasonably could anticipate being haled into an Alabama court. As observed in *LaSalle Bank*:

> Plaintiff also cites *Keelean v. Central Bank of the South*, 544 So. 2d 153 (Ala. 1989) (overruled on unrelated grounds), as support. In Keelean, nonresident guarantors signed guaranties outside of Alabama for a loan from an Alabama bank. The court concluded that the signing

of the guaranties was sufficient contact to give Alabama in personam jurisdiction over the guarantors. *Id.* at 158. The court, quoting *Burger King*, stated that the guarantors had "fair warning" that they may be subject to jurisdiction in the foreign state because they purposefully directed their activities at residents of the forum. Id. (citations omitted). However, unlike the bank in the instant case, the bank to which the Keelean defendant guaranteed payment was an Alabama bank. "It is quite foreseeable that upon the default of that loan [the Keelean guarantors] would be held accountable on their guaranty contracts in the State of Alabama." *Id.* at 157. The basis on which the Keelean guarantors were being sued is that they had agreed to make payments to an Alabama company. In the instant case, Columbus Hotel, by signing the guarantee, agreed to make payment to an Illinois company. Plaintiff asserts that Columbus Hotel should have foreseen the effects of its guaranty in Alabama in the event of a default. However, Columbus Hotel is not required by its guaranty to do anything in Alabama upon default.

*LaSalle Bank*, 274 F. Supp. 2d at 1299.

Here, Plaintiffs are comparable to the "Alabama bank" in the *Keelean* case and the Defendant Guarantors are comparable to the "Keelean guarantors" such that "[i]t is quite foreseeable that upon the default of [the promissory notes by the co-defendant borrowers that the Defendant Guarantors] would be held accountable on their guaranty contracts in the State of Alabama." Certainly, none of those underwriting instruments indicate that payment, upon notice of the default, was to be made to someone other than the Alabama resident plaintiffs who loaned the money. *See, e.g.*, (Doc. 1 at Ex. A at 29) (assuming full responsibility for repayment of loan and listing no alternative payment address); (Doc. 1 at Ex. A at 30) (agreeing to make account

current upon notification about delinquency and listing no alternative payment address).

Again, the court finds that the cases relied upon by the Defendant Guarantors to show a lack of personal jurisdiction are either unpersuasive, significantly distinguishable, or simply not on-point. Accordingly, the Defendant Guarantors' Motion is also **DENIED**.

IV.   **Conclusion**[1]

Accordingly, for the reasons explained above, the Individual Defendant Borrowers' Motion and the Defendant Guarantors' Motion are both **DENIED**.

**DONE** and **ORDERED** this the 28th day of November, 2011.

　　　　　　　　　　　　　　　　　　　/s/ VEHopkins
　　　　　　　　　　　　　　　　　　　**VIRGINIA EMERSON HOPKINS**
　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Having determined that the exercise of specific jurisdiction is appropriate, the court does not address whether Plaintiffs have established general personal jurisdiction over these defendants. *See generally Helicopteros Nacionales*, 466 U.S. 408 (evaluating nature of continuous and systematic contacts or presence and concluding that nonresident corporation's minimal and unrelated contacts with forum state are insufficient to satisfy due process requirements).