# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**ROBERT GLENN ABERNATHY, et al.,** )
)
)
    **Plaintiffs,** )
)
**v.** ) **Case No.: 4:11-CV-2761-VEH**
)
**CHURCH OF GOD a/k/a CHURCH OF GOD, INC., et al.,** )
)
)
    **Defendants.** )

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

Plaintiffs initiated this loan-related lawsuit arising under state law on August 2, 2011. (Doc. 1). Pending before the court is Church of God's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (Doc. 15) (the "Motion") filed on September 12, 2011.

Plaintiffs filed their opposition (Doc. 22) to the Motion on October 6, 2011. On October 13, 2011, Church of God followed with its reply. (Doc. 24). Accordingly, the Motion is now under submission and, for the reasons explained below, is **GRANTED IN PART** and is otherwise **DENIED**.

**II.     Standard**

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**III.   Analysis**

In its Motion, Church of God seeks to dismiss counts I, III, IV, V, and VI of Plaintiffs' complaint. (Doc. 16 at 1). Counts I and IV are for breach of contract (Doc. 1 ¶¶ 51-55, 67-71), count III is for unjust enrichment/restitution (*id.* ¶¶ 60-66), and counts V and VI are for negligence. (*Id.* ¶¶ 72-85).

Church of God also seeks clarification as to whether counts II, VII, and VIII of the complaint are asserted against it. (Doc. 15 at 1). Plaintiffs have confirmed in their opposition that these counts are not brought against Church of God. (Doc. 22 at 18). Accordingly, the Motion is **GRANTED** as to Counts II, VII, and VIII.

### A. Counts I and IV

Church of God seeks a dismissal of these two counts on the basis that it is not a borrower obligated under the promissory notes and that it never merged with co-defendant, Celestial Praise Church of God, Inc. ("Celestial Praise"). Plaintiffs respond that "[a]t the heart of this case is the relationship between Church of God and Celestial Praise" (Doc. 22 at 12) and "[i]t is not entirely clear at this early stage" (*id.* at 13), the exact nature of the relationship that these defendants have and whether breach of contract liability can be established by piercing the corporate veil or under some other legal theory that could "confer[] liability on the Church of God as stated in the plaintiffs' complaint." (*Id.*). Plaintiffs also urge that the court "should not dismiss these allegations without discovery." (*Id.*).

The court agrees with Plaintiffs that they have pled sufficient facts to plausibly support their breach of contract claims against Church of God and further that to dismiss them now would not only be premature, but also potentially legal error on such an underdeveloped record. The court finds particularly problematic Church of God's position that the court should find in its favor on its statute of frauds defense at the pleadings stage and in the absence of considering whether any exceptions to such a defense may apply. Accordingly, for all these reasons, the Motion is **DENIED** as to counts I and IV.

**B.    Count III**

"To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Portofino Seaport Village, LLC v. Welch*, 4 So. 3d 1095, 1098 (Ala. 2008) (citing *Am. Family Care, Inc. v. Fox*, 642 So. 2d 486, 488 (Ala. Civ. App.1994)).  In its Motion, Church of God primarily relies upon *Danny Lynn Elec. & Plumbing, LLC v. Veolia ES Solid Waste Southeast, Inc.*, No. 2:09cv192–MHT, 2011 WL 2893629 (July 19, 2011, M.D. Ala.), to support dismissal of Plaintiffs' unjust enrichment claim on the basis that they have not alleged a "direct benefit" conferred upon Church of God.

While the *Veolia* decision does employ "direct benefit" language, 2011 WL 2893639, at *6, the court is puzzled by Church of God's parenthetical "quoting" reference to *Hancock–Hazlett General Const. Co., Inc. v. Trane Co.*, 499 So. 2d 1385, 1387 (Ala. 1986).  (Doc. 16 at 16).  The court has studied the *Hancock-Hazlett* opinion, and nowhere within that decision does the Supreme Court of Alabama use either the word "direct" or the word "benefit," much less the phrase "direct benefit." Therefore, any notion that *Hancock-Hazlett* requires proof of a direct benefit in order to sustain an unjust enrichment claim under Alabama law is misplaced at best.

Moreover, in *Hancock-Hazlett*, the court found dismissal to be appropriate

because the "complaint affirmatively discloses that defendants do not hold any amount of money paid to them by mistake or otherwise" and because "Trane retained only the sum of money actually owed to it by McCullough, and returned the overpayment to McCullough." 499 So. 2d at 1387. No similar allegations are contained in Plaintiffs' complaint. Therefore, the court concludes that Church of God has not met its burden as the movant, and Plaintiffs have pled sufficient facts to plausibly support their unjust enrichment claim against Church of God. Accordingly, the Motion is **DENIED** as to count III.

### C. Count V

Church of God seeks a dismissal of count V on the basis that any negligence claim premised upon an equitable mortgage is barred by the statute of frauds. (Doc. 16 at 18-19). However, none of the cases cited by Church of God involve a claim of negligence. Also, as stated above, the court is not persuaded to rely upon an underdeveloped statute of frauds defense (and any possible exceptions) at this early stage of the litigation.

Further, the duty to control doctrine (discussed below) may potentially trigger tort liability regardless of whether an actionable equitable mortgage exists between Plaintiffs and Church of God. In particular, Plaintiffs have clarified in their opposition that in this count they are not seeking "to foreclose an equitable interest

in the property" (Doc. 22 at 18), but rather to impose liability for Church of God's alleged negligent conduct relating to the property. Therefore, the Motion is **DENIED** as to count V.

### D.    Count VI

Church of God contends that count VI should be dismissed because it owed Plaintiffs no duty and did not proximately cause them any damages. (Doc. 16 at 19). In support of its position, Church of God relies primarily on the answer by the Supreme Court of Alabama to a certified question regarding the so-called duty to control doctrine. *See In re Birmingham Asbestos Litigation*, 997 F.2d 827, 830 (11th Cir. 1993) ("We therefore hold that, under Alabama law, the 'duty to control' doctrine may not be applied to hold a parent corporation liable for the acts of its subsidiary.").

The court agrees with Church of God that *Birmingham Asbestos* makes it clear that a duty to control theory[1] is not cognizable as a matter of Alabama law in the

---

[1] The duty to control provides:

> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
>
>     (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct.

*Birmingham Asbestos*, 997 F.2d at 828 (quoting Restatement (Second) of Torts § 315(a) (1965)).

7

context of a parent/subsidiary corporate relationship. Therefore, to the extent that Plaintiffs seek to impose liability on Church of God as a parent corporation of Celestial Praise under the duty to control doctrine, the Motion is **GRANTED**, and that limited claim is **DISMISSED**.

However, at the same time, the exact nature of the relationship shared between Church of God and Celestial Praise has yet to be determined. In fact, Church of God insists that it "and Celestial Praise are not legally merged." (Doc. 24 at 3-4).

Moreover, *Birmingham Asbestos* does not answer the question of whether the duty to control doctrine is applicable to an affiliation that arises outside of a parent/subsidiary one. *Cf. id.* at 828 ("Whether under Alabama law the tort doctrine of 'duty of control' could be applied to hold a parent corporation liable for the acts of its subsidiary?" (internal quotation marks omitted)); *id.* at 829 ("It is well settled that a parent corporation, even one that owns all the stock of a subsidiary corporation is not subject to liability for the acts of its subsidiary unless the parent so controls the operation of the subsidiary as to make it a mere adjunct, instrumentality, or alter ego of the parent corporation." (citing *First Health, Inc. v. Blanton*, 585 So. 2d 1331 (Ala. 1991))). Additionally, Church of God has cited to no controlling authority which

establishes that the duty to control can only arise in the context of a parent/subsidiary corporate structure.

Therefore, due to the underdeveloped nature of the record and Church of God's failure to carry its burden as the movant, the court is not persuaded to dismiss count VI on a Rule 12(b)(6) basis to the extent that Plaintiffs seek to use the duty to control doctrine outside of a parent/subsidiary affiliation. Accordingly, the Motion is **DENIED** as to count VI in all respects other than a parent/subsidiary relationship.

### E.     Shotgun Nature of Plaintiffs' Complaint

The court agrees with Church of God that Plaintiffs should be ordered to replead their complaint. Instead of pleading each claim against each defendant as separately numbered counts, Plaintiffs' complaint is lumpily pled and in its present form violates the Eleventh Circuit's admonishment against shotgun pleading. Therefore, the court will require Plaintiffs to restate their complaint consistent with the Eleventh Circuit's anti-shotgun rule as explained in *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955 (11th Cir. 2008) and the related cases cited to therein. *See Davis*, 516 F.3d at 979 ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.").

In repleading, Plaintiffs also should be mindful of the pleading requirements

of *Twombly* and *Iqbal, supra*, and ensure that all claims are stated in a plausibly supportable manner. Accordingly, Plaintiffs are **ORDERED** to replead their complaint within 15 days of the entry date of this order clarifying which counts are asserted against which defendants and also specifying in the heading the nature of each claim alleged in each specific count.

## IV.   Conclusion

Accordingly, for the reasons explained above, the Motion is **GRANTED IN PART** and is otherwise **DENIED**. Further, the deadline for Plaintiffs to file their amended pleading is no later than 15 days from the entry date of this order. Defendants shall have 20 days to answer or otherwise respond to the amended complaint.

**DONE** and **ORDERED** this the 28th day of November, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge