FILED

2013 May-22  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **ROBERT GLENN ABERNATHY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No.:  4:11-CV-2761-VEH** |
| ) | |
| **CHURCH OF GOD a/k/a CHURCH OF GOD, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

---

## MEMORANDUM OPINION AND ORDER

### I.    Introduction and Procedural History

Plaintiffs initiated this breach of contract case against numerous Defendants on August 2, 2011.  (Doc. 1).  In their complaint, Plaintiffs have demanded a jury trial.  (*Id.* at 25).

On August 28, 2012, Plaintiffs filed a  Request for Entry of Default Pursuant to Rule 55(a), Fed. R. Civ. P., Against Defendants Celestial Praise Church of God, Inc. ("Celestial Praise"), Wayne Pitts ("Mr. Pitts"), and Wayne Pitts Real Estate & Finance, Inc. ("Pitts Finance")  (Doc. 46) (the "Request").  Pursuant to this Request, the clerk entered a default against all three defendants on September 7, 2012.  (Doc. 48).

Pending before the court is the Motion of Plaintiffs for Default Judgments Against Celestial Praise Church of God, Inc., Wayne Pitts, and Wayne Pitts Real Estate & Finance, Inc. (Doc. 63) (the "Motion") filed on March 28, 2013. On April 26, 2013, the court entered an order (Doc. 65) directing these Defendants to show cause why the Motion should not be granted.

The record reflects that Defendants Pitts Finance and Celestial Praise received notice of this show cause order. (Docs. 66, 67). Additionally, because he signed the return receipt on behalf of Pitts Finance, Mr. Pitts also received a copy of this order. (Doc. 66 at 1). The show cause deadline of May 16, 2013, has passed without any response being filed by Defendants.

## II.    Standard on Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). However, entry of default under Rule 55(a) does not entitle a party to his requested relief. Either the clerk or the court must enter a default judgment under Rule 55(b). Here, the court, and not the clerk, acts pursuant to Rule 55(b)(2).

Generally, the entry of a default judgment is committed to the discretion of the

district judge.  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).[1]  The factual

allegations of a well-pleaded complaint are taken as true; hence, the court must decide

if these accepted facts state a cause of action for which relief can be granted.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1987);

*Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir.

1975) ("There must be a sufficient basis in the pleadings for the judgment entered.")

(footnote omitted); *Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla.

2005) (same).  When the amount of damages due is uncertain, an evidentiary hearing

is often required to determine the sum the defaulting defendant must pay.  *S.E.C. v.

Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005).  On the other hand, if a specific sum

is sought, a hearing may not be necessary.

However, if the plaintiff has demanded a jury trial, this court has concluded,

consistent with Rule 38 of the Federal Rules of Civil Procedure, that the better

practice is to empanel a jury for determining damages as "[a] proper demand may be

withdrawn only if the parties consent."  Fed. R. Civ. P. 38(d); *cf. Kormes v. Weis,

Voisin & Co.*, 61 F.R.D. 608, 610 (E.D. Pa. 1974) ("Under the facts of the present

case, we will 'in fairness and logic' apply the consent requirement of Rule 38(d) to

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en
banc), the Eleventh Circuit adopted as binding precedent all decisions of the
former Fifth Circuit handed down prior to October 1, 1981.

the default situation of Rule 55(b)(2), and will in the exercise of our discretion grant

a jury trial to defendant Alexander limited to the issue of damages.").

Finally, as explained by Judge William H. Steele of the United States District

Court for the Southern District of Alabama regarding default judgments:

> The law is clear, however, that Lacey's failure to appear and the
> Clerk's subsequent entry of default against her do not automatically
> entitle plaintiffs to a default judgment. Indeed, a default is not "an
> absolute confession by the defendant of his liability and of the plaintiff's
> right to recover," but is instead merely "an admission of the facts cited
> in the Complaint, which by themselves may or may not be sufficient to
> establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports*,
> *Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v.*
> *Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla.2005) ("the
> defendants' default notwithstanding, the plaintiff is entitled to a default
> judgment only if the complaint states a claim for relief"); *GMAC*
> *Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F.
> Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate
> only if court finds sufficient basis in pleadings for judgment to be
> entered, and that complaint states a claim).  Stated differently, "a default
> judgment cannot stand on a complaint that fails to state a claim."
> *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir.
> 1997).

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-92 (S.D. Ala. 2007)

(emphasis added).

## III.   Analysis

The Motion seeks the entry of a default judgment against Defendants Celestial

Praise, Mr. Pitts, and Pitts Finance for claims arising from various loans and

promissory notes that are at issue in this lawsuit.  (*See* Doc. 63 at 2-3 (listing amounts owed to Plaintiffs under subject promissory notes)).   The court has reviewed the complaint and it appears that Plaintiffs have averred sufficient facts that, due to their admission as a result of Defendants' failure to appear after being duly served, liability in favor of Plaintiffs has been established as to the specific claims asserted against these defaulted Defendants.

More specifically, in their complaint, Plaintiffs allege that Celestial Praise is obligated to them as a promissor on multiple promissory notes.  (Doc. 1 at 4-6 ¶¶ 13-16).  Regarding the roles of Mr. Pitts and Pitts Finance, Plaintiffs assert that they "acted as an intermediary or 'finder' between individual church members and churches seeking financing" and that they "solicited . . . and prepared the documents for the . . . loans" that are the subject of Plaintiffs' lawsuit.  (Doc. 1 at 12 ¶ 33).

Plaintiffs also contend that in securing the loans for the benefit of borrower Celestial Praise, Mr. Pitts and Pitts Finance made various misrepresentations upon which Plaintiffs relied to their detriment (*id.* at 12 ¶ 36) and, after execution of the loans, they acted for the benefit of Celestial Praise and "deprive[d] the [P]laintiffs of the benefit of their bargains."  (*Id.* at 13 ¶ 37).

The collection of loans totaling over one million dollars which Mr. Pitts and Pitts Finance arranged for Plaintiffs to fund are now in default.  (Doc. 1 at 13 ¶ 39).

Plaintiffs have notified Celestial Praise, Mr. Pitts, and Pitts Finance about the defaulted status of the loans, have demanded payment, and have yet to receive any type of payment from Defendants. (*Id.* at 13 ¶¶ 39-41; *id.* at Exs. H-K).

Under count I of the complaint, Plaintiffs seek to recover from the borrowers, including Celestial Praise, "the outstanding indebtedness in full" under the defaulted loans. (Doc. 1 at 15 ¶ 55). In count V, Plaintiffs demand judgment against Celestial Praise "for the damages proximately related to . . . negligence or wantonness." (Doc. 1 at 19 ¶ 76).

Count VII seeks to hold Mr. Pitts and Pitts Finance liable for the misrepresentations that they made to Plaintiffs relating to the status of Celestial Praise as a borrower upon which Plaintiffs reasonably relied when entering into the loan transactions with Celestial Praise. (Doc. 1 at 23 ¶ 90). Finally, in count VIII, Plaintiffs ask for judgment against Mr. Pitts and Pitts Finance for breaching their fiduciary duty owed to Plaintiffs and "failing to disclose Pitts Finance's ongoing and conflicting agency relationship[s]" with Celestial Praise and other defendants. (Doc. 1 at 24 ¶ 94).

Thus, the court finds, based upon the admitted allegations contained in Plaintiffs' complaint (Doc. 1), that Defendants Celestial Praise, Mr. Pitts, and Pitts Finance are liable to Plaintiffs under the respective common law counts that are

asserted against them which arise from the defaulted loan transactions.  However, the court, as is its customary practice, reserves for jury determination the amount of damages Plaintiffs should recover on these claims.

## IV.    Conclusion

Accordingly, the Motion is **GRANTED** as to liability only with leave for Plaintiffs to prove their damages at trial.  Because Plaintiffs have claims pending against other defendants in this lawsuit that are subject to the same jury demand, the court will postpone setting this damages only portion of the lawsuit for a jury trial until a later date.

**DONE** and **ORDERED** this 22nd day of May, 2013.

_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge